**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| JEROME COLE, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | )  No. 1:20-cv-00124-JMB |
| | ) |
| UNKNOWN BALIVIA, | ) |
| | ) |
|    Respondent. | ) |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on a document submitted by plaintiff Jerome Cole that has been construed as a civil action pursuant to 42 U.S.C. § 1983. (Docket No. 1). For the reasons discussed below, plaintiff will be directed to file an amended complaint on a Court form. He will also be ordered to either file a motion for leave to proceed in forma pauperis, or pay the filing fee.

### **Background**

Plaintiff is a self-represented litigant currently incarcerated at the Cape Girardeau County Jail in Jackson, Missouri. On June 1, 2020, he sent a letter to the Court that was construed as a civil complaint pursuant to 42 U.S.C. § 1983. In the letter, plaintiff stated that he wanted "to file a complaint and lawsuit against [Corporal] Balivia." (Docket No. 1 at 1). Plaintiff alleged that Corporal Balivia was a "mental case" who had threatened him and cursed at him. He further stated that he was "scared for [his] life." The letter also contained a list of purported civil rights violations at the Cape Girardeau County Jail, including lack of hygiene, no recreation, and lack of medical attention. (Docket No. 1 at 3).

The letter was not accompanied by a motion for leave to proceed in forma pauperis, but plaintiff requested the form to file such a motion. Plaintiff also sought to be removed from the


Cape Girardeau County Jail. (Docket No. 1 at 2).

## Discussion

As noted above, plaintiff is a self-represented litigant who sent a letter to the Court that has been construed as a civil action pursuant to 42 U.S.C. § 1983. For the reasons discussed below, the complaint is deficient and subject to dismissal. However, plaintiff will be allowed to file an amended complaint.

### A. Deficiencies in Complaint

Plaintiff's complaint names only Corporal Balivia as a defendant. However, plaintiff does not indicate the capacity in which Corporal Balivia is being sued. A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). If a plaintiff's complaint is silent about the capacity in which the defendant is being sued, however, the complaint is interpreted as including only official capacity claims. *Id*. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Here, it appears that Corporal Balivia is employed by the Cape Girardeau County Jail, but plaintiff has not stated a claim against the county. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing municipal "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, the case is subject to dismissal.

Furthermore, even if the claim against Corporal Balivia was assumed to be an individual capacity claim, plaintiff has not asserted a constitutional violation. That is, plaintiff's allegations

2

against Corporal Balivia concern verbal threats. Generally, though, "verbal threats made by a state-actor do not constitute a § 1983 claim." *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992). In other words, fear or emotional injury resulting "solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *King v. Olmsted Cty.*, 117 F.3d 1065, 1067 (8th Cir. 1997). For this reason as well, the case is subject to dismissal.

Because plaintiff is proceeding as a self-represented litigant, the Court will give him an opportunity to file an amended complaint. Plaintiff should prepare his amended complaint according to the instructions set forth below.

**B. Amendment Instructions**

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction

or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan*

*Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### C. Motion to Proceed in Forma Pauperis

If plaintiff decides to file an amended complaint, he must either submit a motion for leave to proceed in forma pauperis, or pay the full $400 filing fee. Plaintiff will be given **thirty (30) days** in which to comply. Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice. To assist plaintiff, the Clerk of Court will be directed to send plaintiff a copy of the Court's motion to proceed in forma pauperis form. If plaintiff elects to file a motion for leave to proceed in forma pauperis, he must also include a copy of his certified inmate account statement for the six-month period immediately preceding the filing of the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to mail to plaintiff a copy

5

of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail to plaintiff a copy of the Court's motion for leave to proceed in forma pauperis form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee or file a motion for leave to proceed in forma pauperis within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff files a motion for leave to proceed in forma pauperis, he must also submit a certified copy of his inmate account statement for the six-month period preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint within **thirty (30) days** of the date of this order in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that if plaintiff fails pay the $400 filing fee or fails to file a motion for leave to proceed in forma pauperis within **thirty (30) days** of the date of this order, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this  7th  day of  August , 2020.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

6